IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAMIEN APODACA,

    Plaintiff,

vs.                                                                   CIV 14-648MCA/CG

THE BOARD OF COUNTY COMMISSIONERS
FOR CURRY COUNTY, NEW MEXICO, a political
Sub-division, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

    This case is before the Court upon Plaintiff's Motion *to Deny Summary Judgment until Tape Recordings and Writings Are Provided by the Defendants Pursuant to FRCP 56(d)* [Doc. 41]. The Court has considered the written submissions of the parties, the record in this case, and the applicable law, and is otherwise fully advised.

    Plaintiff filed his Complaint on July 16, 2014. On September 23, 2014, the parties submitted a *Joint Status Report and Provisional Discovery Plan*. On September 30, 2014, the Magistrate Judge Garza entered a *Scheduling Order* setting a February 27, 2015 deadline for the completion of discovery and a March 30, 2015 deadline for pretrial motions. Defendants did not seek a stay of discovery.

    Plaintiff did not depose Defendants within the discovery deadline set by Judge Garza. It appears that Plaintiff's counsel was attempting to cobble together a case in increments, outside the relevant deadline. The not-so-surprising consequence of counsel's

too casual approach to litigation is Plaintiff's inability to respond to Defendant's motion for summary judgment with direct evidence of Defendant Pyle's knowledge of, and involvement in, the day-to-day administration of CCDC.

The standards governing a Rule 56(d) request for additional discovery are set out in *F.D.I.C. v. Arcero*, 741 F.3d 1111, 1116 (10th Cir. 2013) and *Jensen v. Redevelopment Agency of Sandy City*, 998 F.2d 1550, 1553-54 (10th Cir. 1993) (construing former Fed. Civ. P. Rule 56(f)).

The Court finds that Plaintiff's counsel was not reasonably diligent in pursuing discovery, and that it is this lack of diligence that explains Plaintiff's need for further discovery. Plaintiff's counsel had a full opportunity to conduct discovery and simply chose not to. Plaintiff's motion will be denied. *See Jensen*, 998 F.2d at 1555.

**WHEREFORE, IT HEREBY IS ORDERED** that Plaintiff's *Motion to Deny Summary Judgment until Tape Recordings and Writings Are Provided by the Defendants Pursuant to FRCP 56(d)* [Doc. 41] is **denied**.

**So ordered this 28th day of July, 2016.**

_____
M. CHRISTINA ARMIJO
Chief United States District Judge